**UNITED STATES of America**

v.

**James Richard FLYNN.**

**No. CR–91–196–03–G.**

United States District Court,
M.D. North Carolina,
Greensboro Division.

May 19, 1992.

U.S. Atty. Robert H. Edmunds, Jr., Greensboro, N.C., for plaintiff.

Bill Ingram, Greensboro, N.C., for defendant.

## MEMORANDUM OPINION

BULLOCK, District Judge.

Defendant, James Richard Flynn, has moved for the entry of judgment of acquittal on both counts of an indictment against him pursuant to Federal Rule of Criminal Procedure 29. Defendant was tried and convicted by a jury on two counts: (1) possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2; and (2) possession of a firearm during a drug offense in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2. As to both counts, the Government proceeded on a theory of constructive possession of the controlled substance and the firearm. Relying on the recent Fourth Circuit case of *United States v. Blue*, 957 F.2d 106 (4th Cir.1992), Defendant contends the evidence was insufficient as a matter of law to support the conviction on those counts. In considering the motion, the facts must be considered in the light most favorable to the Government. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

Defendant has also moved under Federal Rule of Criminal Procedure 33 for a new trial based on newly discovered evidence. Defendant's new evidence consists of allegedly exculpatory statements by his co-defendants, Jessie Lee Sebastian and Thomas Michael Scearce.

### I.

On May 31, 1991, an informant, Barry Douglas Clapp, made telephone calls to the home of Jessie Lee Sebastian from the Alamance County, North Carolina, Sheriff's Department for the purpose of negotiating the purchase of cocaine. James Richard Flynn answered two of these calls and turned the telephone over to Sebastian. No transactions were completed. On June 3, 1991, Clapp notified the Sheriff's Depart-

ment he had been contacted by Sebastian and that a drug sale would take place at a car wash in Glen Raven, North Carolina. Shortly after officers were positioned near the car wash, a vehicle driven by Gary Lynn Wood arrived in which Sebastian was seated in the front passenger seat, Flynn in the right rear passenger seat, and Scearce in the left rear passenger seat.

Sebastian got out of the vehicle and crossed into the adjoining bay and presented Clapp with a 1.3 gram sample of cocaine. He also had with him two baggie corners of the cutting agent inositol. After a pre-arranged signal, officers arrested Sebastian while other officers approached the vehicle. One officer saw Scearce making a motion consistent with pushing something down behind him and another saw him reaching down to the floorboard in front of him. After removing the occupants, the officers searched the vehicle. They found approximately 52.4 grams of cocaine stuffed between the seats behind where Scearce had been seated. They found a .22 caliber pistol loaded with rat shot on the floor in front of Scearce's seat and near it a red cap in which was found $4,280.00, a prescription bottle and a video card bearing Sebastian's name, and other papers. Officers also found a bottle of inositol in a zipper pouch near Flynn's seat. Upon searching Flynn, a baggie with the bottom two corners cut out was found but there was no residue on it. Scearce eventually admitted ownership of the gun.

After their convictions, Defendant's co-defendants Sebastian and Scearce indicated, according to Defendant's counsel, that Defendant had no involvement with either the drugs or the firearm. Defendant contends he and his attorney were unaware of this evidence until after trial.

## II.

As already noted, Defendant relies almost exclusively on *United States v. Blue* in support of his Rule 29 motion. However, *Blue* is distinguishable and Defendant's motion will be denied. In *Blue*, the defendant was seen leaving a house suspected of drug activity. As the car the defendant was in drove by, an officer noticed the occupants were not wearing safety belts as required by law. Once the car entered a lighted area, the officer stopped it, allegedly for the seat belt violation. The officer claimed he saw the defendant's shoulder dip as though the defendant was reaching under his seat. Upon searching the car, a loaded .38 caliber revolver was found beneath the seat that had been occupied by the defendant. Blue was charged with possession of a firearm by a felon, 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

The Government's case consisted exclusively of the alleged dip of the shoulder and the presence of the firearm under the defendant's seat. The defendant denied making the motion. The Fourth Circuit reversed Blue's conviction, finding that the Government had failed to produce enough evidence to support constructive possession of the firearm. The court noted "that Blue's shoulder dip *alone* does not transform Blue from a mere passenger in the car to a possessor of whatever is discovered underneath the seat in which he is sitting." *Blue*, 957 F.2d at 108 (emphasis added). The court emphasized that "the facts of this case fall outside, but just barely, the realm of the quantum of evidence necessary to support a finding of constructive possession." *Id.*

In this case, by contrast, there is sufficient evidence to support a conviction on both counts. The facts presented at trial showed that Defendant was present when Sebastian received the telephone calls regarding the drug transaction and that he accompanied Sebastian and Scearce to the car wash; the sole purpose of the trip was to consummate a drug transaction. Further, Defendant was found in possession of a baggie with its bottom corners cut out and he had been sitting next to a zipped pouch containing a bottle of the cutting agent inositol. Officers found two baggie corners containing inositol in the possession of Sebastian when he was arrested. Finally, the 52.4 grams of cocaine found in the vehicle were stuffed between the seats occupied by Defendant and Scearce. This evidence is sufficient for a jury to find that

Flynn was aware of the drug transaction and the reason he and the others were at the car wash and that he was part of the transaction.

■ The evidence as to the firearm is equally sufficient. Defendant was charged with possession in connection with a drug trafficking offense, not simply with unlawful possession as in *Blue*. This distinction requires consideration of all the facts surrounding the drug transaction and any interconnection between it and the firearm. It is well known that firearms and drug transactions go hand in hand. The firearm in question was found at the feet of Scearce and in plain view of Defendant.

While the evidence that Defendant constructively possessed the drugs and firearm may not have been overwhelming, there was certainly far more evidence than the purely conjectural evidence presented in *Blue*. In *Blue*, the Government relied on the shoulder dip alone; there was no other evidence. The record here is replete with evidence of the criminal conduct charged in the indictment. Therefore, there was sufficient evidence presented as to Defendant's possession of the 52.4 grams of cocaine and the firearm to fall within "the realm of the quantum of evidence necessary to support a finding of constructive possession." *Blue*, 957 F.2d at 108. The case was properly sent to the jury which returned a verdict of guilty. That verdict should not be disturbed and Defendant's motion for judgment of acquittal will be denied.

### III.

■ Defendant has also moved for a new trial under Federal Rule of Criminal Procedure 33, citing newly discovered evidence. The evidence is the alleged statements of co-defendants Sebastian and Scearce exculpating Defendant. Defendant contends he and his attorney were not aware of this new evidence until after the trial was concluded. For the court to grant a new trial, Defendant must show five elements: (1) the evidence is, in fact, newly discovered since trial; (2) the facts must show diligence by defendant; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) it must be of a nature that at a new trial it would probably produce an acquittal. *United States v. Bales*, 813 F.2d 1289, 1295 (4th Cir.1987). The Government contends the statements are at best "newly available" evidence, and the court agrees.

In *United States v. Diggs*, 649 F.2d 731 (9th Cir.), *cert. denied*, 454 U.S. 970, 102 S.Ct. 516, 70 L.Ed.2d 387 (1981), the court held that: "When a defendant who has chosen not to testify subsequently comes forward to offer testimony exculpating a co-defendant, the evidence is not 'newly discovered.'" *Id.* at 740. "[A] court must exercise great caution in considering evidence to be 'newly discovered' when it existed all along and was unavailable only because a co-defendant, since convicted, had availed himself of his privilege not to testify." *United States v. Jacobs*, 475 F.2d 270, 286 n. 33 (2d Cir.1973), *quoted in United States v. Lockett*, 919 F.2d 585 (9th Cir.1990).

■ In this case, Defendant surely knew that his co-defendants could testify about his involvement, if any, in the drug transaction. Sebastian and Scearce were fully aware of the facts surrounding the incident and Defendant's alleged non-involvement. *See United States v. Castano*, 756 F.Supp. 820, 823 (S.D.N.Y.1991) (co-defendant's testimony was, at most, "newly available" when defendant who unsuccessfully sought to interview co-defendant knew that co-defendant could testify that defendant was merely present at the crime scene and had no involvement). Nevertheless, Defendant did not move for a severance. Therefore, the evidence is not newly discovered but only newly available. Further, Defendant has not shown that the evidence would probably lead to an acquittal should Defendant be granted a new trial. Defendant has alleged the content of the exculpatory statements, but has presented no sworn affidavits by the co-defendants to substantiate their exculpatory nature. Finally, the newly available testimony of recently convicted and sentenced co-defendants is inherently suspect. Sebastian and Scearce have

nothing to lose by exonerating their friend and co-defendant. *See Castano*, 756 F.Supp. at 824. Therefore Defendant's motion for a new trial will be denied.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

## ORDER

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that Defendant's motion for entry of judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 is DENIED.

IT IS FURTHER ORDERED that Defendant's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 is DENIED.