983 F.2d 1058
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Larry BODIE, a/k/a/ Louis L. Speight, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Calvin WELLS, Defendant-Appellant.
 Nos. 92-5181, 92-5187.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 30, 1992
Decided: December 30, 1992
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CR-91-134-R)
 Argued: John Cadwallader Jones, Jr., Hydrick Law Offices, Richmond, Virginia, for Appellant Wells; Charles David Whaley, Morchower, Luxton & Whaley, Richmond, Virginia, for Appellant Bodie.
 Howard Crawford Vick, Jr., Assistant United States Attorney, Richmond, Virginia, for Appellee.
 On Brief: Richard Cullen, United States Attorney, Allan R. Stoneman, Third Year Law Intern, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Larry Bodie appeals his conviction for possession of a firearm by a convicted felon and possession of heroin and cocaine. Calvin Wells appeals his conviction for possession of heroin and cocaine and his resulting sentence. Finding no error in either conviction, we affirm.
 
 
 2
 * At 1:20 AM in the morning on October 2, 1991, Detective Richard Cosby, a narcotics investigator assigned to the Drug Enforcement Administration (DEA) Task Force in Richmond, was driving to meet other Task Force agents at a parking lot on Meadow Street in the Randolph area of Richmond, a heavy drug trafficking area. When he was a block from the lot, he saw a car borrowed and driven by Larry Bodie, in which Calvin Wells was a passenger, traveling slowly toward him on Meadow Street. He watched Bodie and Wells, both convicted felons, look at the DEA agents in the parking lot, who were wearing black vests with "DEA" in large gold letters on the back, and then rapidly accelerate away from the area.
 
 
 3
 Cosby followed Bodie and Wells, who made a series of right turns and ran a red light attempting to evade him. Cosby radioed for assistance, and Bodie and Wells turned onto I-195 and accelerated to 80-85 MPH. Several other agents caught up with Bodie and Wells after they had exited from I-195 onto I-95. As the agents turned on their blue lights and sirens to arrest Bodie and Wells, four of the agents saw white packets thrown from the driver's and passenger's windows of Bodie's and Wells's car.
 
 
 4
 Agent Richardson, at the rear of the chase, stopped and discovered eleven white packets on the highway. The white substance in all the packets was analyzed and was found to be heroin and cocaine.
 
 
 5
 In the meantime, Bodie and Wells were stopped and arrested. Two agents conducted a search of their car, finding an Uzi submachine gun visibly protruding from a pouch in the back seat and ammunition for the gun lying on the front seat in plain view. The gun was owned by the woman from whom Bodie had borrowed the car.
 
 
 6
 After they were both indicted on October 2, 1991, Bodie and Wells filed a motion to suppress, which was denied after a hearing. Their case was tried on December 20, 1991, before a jury. Both were convicted of possession of heroin and cocaine under 21 U.S.C. § 841(a); Bodie was also convicted of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1).
 
 
 7
 Bodie was sentenced to twenty-seven months for possession of a firearm by a felon, twelve months for possession of cocaine, and twelve months for possession of heroin. The two twelve-month sentences are to be served concurrently. Wells was sentenced to twelve months for possession of heroin and four months for possession of cocaine, to be served consecutively. Both appeal their convictions; Wells also appeals his sentence.
 
 II
 
 8
 Bodie contends that there was insufficient evidence presented at trial to convict him of possession of a firearm by a convicted felon. His contention is without merit.
 
 
 9
 Possession of a firearm for the purposes of 18 U.S.C. § 922 may be constructive. United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992); United States v. Poore, 594 F.2d 39, 43 (4th Cir. 1979). A felon has constructive possession of a firearm if he/she has "dominion ... or control over ... the vehicle in which the[firearm] is [found]." Blue, 957 F.2d at 107. A jury's finding that a felon had constructive possession of a firearm should be upheld if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found ... beyond a reasonable doubt" that the felon had such possession. Jackson v. Virginia, 443 U.S. 307, 319 (1978).
 
 
 10
 In United States v. Stanley, 597 F.2d 866 (4th Cir. 1979), a defendant had been convicted of constructively possessing a firearm that was found in the car he was driving. Evidence was presented that he knew the firearm was in the car. Id. at 868. This Court affirmed the conviction, holding that a rational jury could have found beyond a reasonable doubt that the defendant constructively possessed the firearm. Id. at 871. Here, Bodie was the driver of a car in which a firearm was found. The firearm, which was in the back seat, was clearly visible from Bodie's seat in the car. In addition, ammunition for the firearm was in plain view in the front seat of the car. That the firearm and the ammunition were plainly visible creates a strong inference that Bodie knew the gun was in the car. The case for constructive possession here was at least as strong as in Stanley . We, therefore, hold that a rational jury could have found beyond a reasonable doubt that Bodie possessed the gun in the back seat of the car. See also United States v. Lewis, 701 F.2d 972, 974 (D.C. Cir. 1983) (upholding a jury's finding that a defendant constructively possessed a firearm when a gun was found lying visible on the back floorboard of a car he had borrowed and was driving).
 
 
 11
 Blue is the best support available for Bodie's contention that he did not have constructive possession of the gun, but it is distinguishable. In Blue, a passenger in a car had been convicted for constructively possessing a firearm found underneath his seat after a police officer testified that, as he approached the car, he had seen the passenger "dip" his shoulder as if he was reaching under the seat where the firearm was located. This Court reversed the conviction, finding that a rational jury could not have found beyond a reasonable doubt that the passenger constructively possessed the firearm. Blue, 957 F.2d at 10708. Our case is different in two respects. Most importantly, as the gun in our case was visible in the back seat and the ammunition for the gun was in the front seat in plain view, there was far stronger evidence here than in Blue that the defendant knew the gun was in the car. See United States v. Hernandez, 780 F.2d 113, 116 (D.C. Cir. 1986) (indicating that to have constructive possession of a gun, a defendant must have knowledge of the gun's presence). Also, it is easier to find, as we do here, that a driver of a car constructively possesses a gun found in the car than it is to find that a passenger has constructive possession of a gun in the car.
 
 III
 
 12
 Bodie and Wells contend that insufficient evidence was presented at trial to convict them of possession of controlled substances. This contention is also without merit.
 
 
 13
 The government presented testimony of four officers who saw bags containing a white substance thrown from both windows of the car in which Bodie and Wells were traveling. Bags were found on the highway immediately after Bodie's and Well's arrest with a white substance in them that was analyzed as cocaine and heroin. A rational jury could have concluded on these facts that both Bodie and Wells possessed controlled substances.
 
 IV
 
 14
 Finally, Bodie and Wells contend that the district court erred in denying their motion to suppress. This contention is also without merit.
 
 
 15
 An officer may make an investigatory stop of a car if he/she "reasonably suspects" that persons in the car are engaged in criminal activity. Terry v. Ohio, 392 U.S. 1, 22-23 (1967). Here, when Detective Cosby decided to follow Bodie and Wells, he had noticed them driving slowly through a heavy drug-trafficking area. He had watched as they both looked over at the DEA agents, and then rapidly left the area. When he stopped them, they had attempted to evade him, had run a red light, and had traveled at speeds in excess of 80 miles an hour. In addition, he had watched them throw bags containing a white substance out the window. In light of these facts, the district court did not err in finding that Cosby had a reasonable suspicion that Bodie and Wells were engaged in criminal activity when he followed and stopped them.*
 
 AFFIRMED
 
 
 *
 Wells filed a separate brief pro se appealing his sentence on the grounds that the judge abused his discretion in ordering that he serve his two sentences consecutively rather than concurrently. While Wells obviously expended a great deal of time and effort on the brief, his claim that imposing consecutive sentences was an abuse of discretion has no merit