995 F.2d 1064
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tammie Deschell DIGGS, Defendant-Appellant.
 No. 92-5846.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 27, 1993
Decided: June 10, 1993
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-92-48)
 George Vernon Laughrun, II, Goodman, Carr, Nixon & Laughrun, Charlotte, North Carolina, for Appellant.
 Thomas J. Ashcraft, United States Attorney, Robert Jack Higdon, Jr., Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before HALL, PHILLIPS, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Tammie Daschell Diggs appeals from her jury convictions of conspiracy to possess with intent to distribute crack cocaine (21 U.S.C. § 846 (1988)); possession with intent to distribute crack cocaine (21 U.S.C.A. § 841 (West 1981 & Supp. 1992)); and use of a firearm in relation to a drug trafficking crime (18 U.S.C.s 924 (1988)). The court sentenced Diggs to 160 months of incarceration to be followed by a five-year term of supervised release. Diggs noted a timely appeal. We affirm.
 
 
 2
 Diggs asserts that the court erred when it denied her motion for acquittal under Fed. R. Crim. P. 29 on the charge of use of a firearm in relation to a drug trafficking offense. The test for deciding a motion for acquittal is whether there is substantial evidence which, construed in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt. United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir. 1982). The jury convicted Diggs of using and carrying a firearm in relation to a drug trafficking offense under 18 U.S.C. § 924(c). Constructive possession of a firearm in relation to a drug trafficking crime is sufficient to establish "use." United States v. Paz, 927 F.2d 176, 179 (4th Cir. 1991). If the firearm is present for protection and to facilitate the likelihood of success, the evidence is sufficient to support a conviction under § 924(c), whether or not the weapon is actually used. United States v. Brockington, 849 F.2d 872, 876 (4th Cir. 1988). In order to establish constructive possession of the firearm, the government must prove ownership, dominion, or control over the gun itself or the premises in which it was concealed. United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992).
 
 
 3
 Police executed a search warrant on a residence where they had observed Diggs engage in drug transactions during a year-long investigation. Though Diggs was not present when the officers searched the house, they found the largest quantity of cocaine in an overnight bag in a bedroom where they also found clothing they had previously observed Diggs wearing. The officers found a gun and ammunition in an unlocked strong box under a bed in that bedroom. In the same room, they also found a photograph taken in that room of Diggs holding a gun and currency.* A towelette with Diggs's fingerprint was found in the overnight bag with the cocaine and drug paraphernalia. Construing this evidence in the light most favorable to the Government under the preceding principles, the court did not err in denying the motion because there was substantial evidence that Diggs had dominion or control over the bedroom where the drugs and gun were found and the gun clearly facilitated the success of her drug distribution enterprise.
 
 
 4
 Diggs continues that the evidence was insufficient to support her other convictions of conspiracy to possess and distribute crack cocaine (21 U.S.C. § 846 (1988)) and possession of crack cocaine with the intent to distribute it. (21 U.S.C.A. § 841 (West 1981 & Supp. 1992)). Diggs asserts that evidence only showed a "buyer-seller relationship" between her and two unindicted co-conspirators and that there was no evidence that she ever exercised any dominion or control over the crack cocaine found in the residence.
 
 
 5
 In order to support a conviction of conspiracy, the Government must show that a conspiracy existed, that the defendant had knowledge of the conspiracy, and that the defendant voluntarily became part of the conspiracy. United States v. Badolato, 701 F.2d 915, 920 (11th Cir. 1983). Proof of conspiracy may be by circumstantial evidence; it need not, and normally will not, be by direct evidence. United States v. Giunta, 925 F.2d 758, 764 (4th Cir. 1991). The totality of the circumstances shown by the government may suffice to permit the jury to infer the agreement necessary for a conspiracy conviction. United States v. Anderson, 611 F.2d 504 (4th Cir. 1979).
 
 
 6
 A co-conspirator testified that Diggs was his regular source of crack cocaine to sell and that she lived in the house intermittently between March and November 1991. A police officer testified that he observed Diggs selling drugs at the residence three to four times a day, two or three days a week. Another co-conspirator testified that he obtained cocaine that police found on him when they arrested him from Diggs. Construing this evidence in the light most favorable to the Government, it was sufficient to demonstrate that Diggs entered into an agreement to possess and distribute cocaine.
 
 
 7
 Diggs also alleges that the evidence was insufficient to sustain her conviction of possession of crack cocaine with intent to distribute it. To establish that a defendant is guilty of possession of a controlled substance with the intent to distribute it, the government must prove beyond a reasonable doubt that the defendant knowingly possessed a controlled substance with the intent to distribute it. United States v. Samad, 754 F.2d 1091, 1096 (4th Cir. 1984). Actual possession of the drug is not required; constructive possession, which occurs when the defendant "exercises, or has the power to exercise, dominion and control over the item," is sufficient. Id., quoting United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir.), cert. denied, 447 U.S. 925 (1980). Knowledge of the presence of the controlled substance is essential to an assertion of constructive possession. United States v. Schocket, 753 F.2d 336, 340 (4th Cir. 1985). Intent to distribute a controlled substance may be inferred by a jury from the quantity of drugs found in the defendant's possession. United States v. Roberts, 881 F.2d 95, 99 (4th Cir. 1989).
 
 
 8
 In addition to the testimony previously discussed that various witnesses saw Diggs possess cocaine, police found a large quantity of cocaine in the bedroom where they also found personal effects belonging to her, a towelette with her fingerprint among crack cocaine and drug paraphernalia, and a photograph of Diggs holding currency and a gun taken in the bedroom where cocaine was found. Construing this evidence in the light most favorable to the Government, it was sufficient to support Diggs's conviction of possession of crack cocaine with the intent to distribute it.
 
 
 9
 For these reasons, we affirm Diggs's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The gun in the photograph was not the same gun the police found in the search