36 F.3d 1106
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert L. HOREY, Defendant-Appellant.
 No. 93-5273.
 United States Court of Appeals, Tenth Circuit.
 Sept. 16, 1994.
 
 Before SEYMOUR, Chief Judge; and MOORE and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Robert Horey was convicted by a jury of violating 18 U.S.C. 922(g)(1), possession of a firearm after former conviction of a felony, and 18 U.S.C. 922(k), possession of a firearm with an obliterated or altered serial number. He appeals his convictions, arguing neither was supported by sufficient evidence. Finding no error, we affirm.
 
 
 2
 We review the sufficiency of the evidence in the light most favorable to the government to determine whether a rational jury could have found the defendant guilty beyond a reasonable doubt. United States v. Self, 2 F.3d 1071, 1085 (10th Cir.1993). As the parties are familiar with the facts, we detail them only as is necessary to our disposition.
 
 
 3
 One evening around midnight, Robert Horey received a telephone call from his sister. She told him her location and indicated she needed his assistance. Mr. Horey responded he was on his way and called a taxi.
 
 
 4
 When Mr. Horey arrived at the scene, he saw his sister was speaking with two men. Unbeknownst to him, the two men were undercover police officers. A uniformed officer was also present. Carrying a wooden board cocked over his shoulder, Mr. Horey approached the group. The officers drew their weapons and ordered defendant to drop the board. The parties agree that Mr. Horey turned, walked back to the waiting taxi, and placed the board inside.
 
 
 5
 The parties dispute what happened next, however. Mr. Horey maintains he simply tossed the wooden board into the back seat of the taxi. In contrast, the officers testified the defendant also removed a glove and his jacket and placed both of these items in the taxi as well. Suspicious of Mr. Horey's behavior, one officer looked into the taxi and saw a portion of a revolver protruding from the jacket's fold. After removing the gun from the jacket, the officer also noted its serial number had been altered.
 
 
 6
 In proving a violation of 18 U.S.C. 922(g), the government must demonstrate the defendant had possession of a firearm. The government may prove actual or constructive possession. United States v. Cardenas, 864 F.2d 1528, 1533 (10th Cir.), cert. denied, 491 U.S. 909 (1989). To be in constructive possession of an object, a defendant must "knowingly hold[ ] the power to exercise dominion and control over it.' " Id. (citations omitted).
 
 
 7
 During trial, defendant maintained neither the jacket nor the firearm belonged to him. Nonetheless, two officers testified they saw defendant place the jacket in the back seat. Further, the officers asserted they found the gun in the fold of this jacket. The taxi driver, Mr. Gray, testified the gun was not his and had not been visible to him prior to Mr. Horey's fare. Mr. Gray also testified he saw one officer pull the firearm from between the seat cushions. We recognize Mr. Gray's testimony conflicted with that of the officers; however, a jury is entitled to make determinations of credibility. Self, 2 F.3d at 1085. Clearly, in this case the jury found the police officers to be credible.
 
 
 8
 Given the testimony offered by the government, a jury could infer Mr. Horey was attempting to hide the gun by placing the jacket and the gun inside the taxi. We believe there was sufficient evidence of constructive possession in the record.[2] Correspondingly, the jury's verdict on this count is sustainable.
 
 
 9
 We turn to defendant's argument that his conviction for violating 18 U.S.C. 922(k) was also based on insufficient evidence. Defendant argues the government failed to sufficiently show that the revolver's serial number was removed, obliterated, or altered. He asserts the statute does not reach serial numbers that are still readable.
 
 
 10
 Police officers testified that the serial number was obliterated. In addition, an expert in firearms and tool mark examination testified the revolver's serial number was partially obscured or obliterated. The examiner also noted that it was possible one or two additional serial numbers were completely obliterated. Based on the clear language of 922(k), we reject defendant's argument that the statute does not reach the firearm recovered by the police in this case. The evidence is sufficient to sustain the conviction, and we AFFIRM the jury's verdict.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 United States v. Blue, 957 F.2d 106 (4th Cir.1992), is distinguishable because in this case the government offered evidence which established defendant's dominion and control over the firearm