60 F.3d 826
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 United States of America, Plaintiff-Appellee,
v.
Kenyatta ROBINSON, a/k/a Kavon Henderson, a/k/a Kevin Clark,
Defendant-Appellant.
 No. 94-5515.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 22, 1995.
Decided July 14, 1995.
 
 Theresa B. Berry, Samford & Berry, Virginia Beach, VA, for appellant. Helen F. Fahey, U.S. Atty., Arenda L. Wright Allen, Asst. U.S. Atty., Norfolk, VA, for appellee.
 Before HALL, MURNAGHAN, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Kenyatta Robinson was convicted by a jury of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1) (1988); use of a firearm during a drug trafficking crime, in violation of 18 U.S.C.A. Sec. 924(c)(1) (West Supp.1995); possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1995); and possession of a firearm with a removed serial number, in violation of 18 U.S.C.A. Sec. 922(k) (West Supp.1995). Robinson claims that the evidence at trial was insufficient to support the jury's verdict on the three firearm charges, because the Government failed to prove that Robinson knew there were guns in the gym bag he had in his possession. We affirm Robinson's convictions.
 
 
 2
 "To sustain a conviction the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir.1993); see also Glasser v. United States, 315 U.S. 60, 80 (1942). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982).
 
 
 3
 "Knowing possession," under the relevant statutes, may be established by proving that the defendant was in constructive possession of a firearm. United States v. Blue, 957 F.2d 106, 107 (4th Cir.1992) (Sec. 922(g)(1)); United States v. Paz, 927 F.2d 176, 179 (4th Cir.1991) (Sec. 924(c)); United States v. Reyes-Mercado, 22 F.3d 363, 367 (1st Cir.1994) (the very evidence supporting a finding of possession under Sec. 924(c) will support conviction under Sec. 922(k)). Constructive possession exists when the defendant exercises, or has the power to exercise, dominion and control over the item, United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir.), cert. denied, 447 U.S. 925 (1980), and has knowledge of the item's presence. United States v. Bell, 954 F.2d 232, 235 (4th Cir.1992). Knowledge may be inferred from possession, that is, dominion and control over the area where the contraband is found. United States v. Lochan, 674 F.2d 960, 966 (1st Cir.1982). Finally, possession need not be exclusive, but may be shared by others, and is susceptible of proof by circumstantial as well as direct evidence. Laughman, 618 F.2d at 1077.
 
 
 4
 When viewed in the light most favorable to the Government, the evidence shows that a reasonable jury could find beyond a reasonable doubt that Robinson knowingly possessed the firearms. First, when police officers entered the residence, they observed Robinson holding the gym bag in which the guns were found. Second, Robinson admitted that he handled the guns in the past and that the guns were "community property" used for protection during drug deals. Finally, Robinson was convicted of possession of cocaine base with intent to distribute, and an expert narcotics agent testified that firearms were common drug distribution tools.
 
 
 5
 Based on this evidence, the jury could easily conclude that Robinson knew the guns were in the gym bag. We find that, when viewed in the light most favorable to the Government, this evidence is thus sufficient to support the jury's verdict. Accordingly, we affirm Robinson's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED