**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Herbert Randolph BLUE, Defendant–Appellant.**

**No. 90–5540.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 28, 1991.

Decided Feb. 19, 1992.

George Alan DuBois, Jr., Asst. Federal Public Defender, Raleigh, N.C., argued (William E. Martin, Federal Public Defender, on brief), for defendant-appellant.

Paul Alexander Weinman, Asst. U.S. Atty., Greensboro, N.C., argued (Robert H. Edmunds, Jr., U.S. Atty., on brief), for plaintiff-appellee.

Before PHILLIPS and HAMILTON, Circuit Judges, and HEANEY, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

## OPINION

HEANEY, Senior Circuit Judge:

Herbert Blue appeals his conviction for knowingly possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Because the government failed to prove that Blue actually or constructively possessed the firearm in question, we reverse his conviction.

## BACKGROUND

On the night of November 5, 1990, police officer James Clobes was watching a Dur-

ham, North Carolina house for possible drug activity. Officer Clobes saw two men leave the house and enter a 1977 Chevrolet parked on the street. The two men drove the car past Clobes' observation car, at which time he claimed to notice that neither of the men was wearing a seatbelt, in violation of North Carolina law.

Because the street was not well lit, Clobes did not pull the car over immediately. Instead, he waited until the car entered a lit area and then pulled the vehicle over, allegedly to investigate the seatbelt violation. As he left his car, Officer Clobes claims he saw the shoulder of the Chevrolet passenger, Herbert Blue, dip as if the passenger were reaching under the seat with his right hand. Blue denies making such a move.

After verifying the two men's identities and determining that neither of them had outstanding warrants, Clobes requested the driver to step out of the car and asked if he could search the car. The driver consented. Clobes also asked Blue to step out of the vehicle. Clobes then searched Blue for any weapons, at which time he discovered a needle, a syringe, and a small amount of heroin, and therefore placed Blue under arrest. Clobes next conducted an unfruitful search of the driver and then searched the car. Underneath the passenger's seat, Clobes found a loaded .38 revolver. Both Blue and the driver denied knowledge of the gun's presence or ownership of it. Neither of them was cited for a seatbelt violation.

The government indicted Blue for being a felon in possession of a firearm in violation of U.S.C. §§ 922(g)(1) and 924(e)(1); he was not charged with heroin or paraphernalia possession. A jury found Blue guilty. At sentencing, the government urged the application of the Armed Career Criminal enhancement of 18 U.S.C. § 924(e) to Blue. This enhancement raises the authorized penalty for being a felon in unlawful possession of a firearm from 0 to 10 years to 15 years to life. To trigger this enhancement, the defendant must have been convicted of three violent felonies. The dis-

trict court concluded that this enhancement applied. This application raised Blue's guidelines offense level to 37. With a criminal history category of VI, the guidelines established a sentencing range of 360 months to life. The district court sentenced Blue to 30 years imprisonment.

## DISCUSSION

Blue raises three arguments on appeal. First, he argues that the initial stop was pretextual and therefore the evidence found during Clobes' search of the vehicle should be suppressed. Second, he contends that there was not sufficient evidence to support the jury's finding that he actually or constructively possessed the .38 pistol. Finally, Blue claims that the district court erred in applying the career offender enhancement to his sentence. Because we hold that sufficient evidence did not support the jury's finding that Blue possessed the weapon, we need not address Blue's other arguments.

In evaluating whether sufficient evidence supported Blue's conviction for possessing a firearm, we view the evidence and reasonable inferences drawn from it in the light most favorable to the government and uphold the verdict if substantial evidence supports it. *See, e.g., United States v. Jones,* 735 F.2d 785, 790 (4th Cir.), *cert. denied,* 469 U.S. 918, 105 S.Ct. 297, 83 L.Ed.2d 232 (1984). Blue concedes that under section 922(g), proving unlawful possession of a firearm does not require a showing of actual possession but rather can be satisfied by proof of constructive or joint possession. The government produced no evidence that Blue actually possessed the firearm; instead, it prosecuted the case on a theory of constructive possession. "[T]o establish constructive possession, the government must produce evidence showing ownership, dominion, or control over the contraband itself or the premises or vehicle in which the contraband is concealed." *United States v. Ferg,* 504 F.2d 914, 916–17 (5th Cir.1974) (citations omitted); *see also United States v. Poore,* 594 F.2d 39, 43 (4th Cir.1979).

The government relied on two pieces of evidence to support its case: first, Officer Clobes' testimony that Blue's shoulder

dipped as he approached the suspects' vehicle; and second, Clobes' discovery of the revolver under the passenger seat where Blue was sitting. These facts alone do not justify a finding of constructive possession. To uphold a finding of constructive possession, this court requires more evidence of dominion and control than the government has offered here.* As the Ninth Circuit explained, "[i]t is well established that mere presence as a passenger in a car from which the police recover weapons does not establish possession. The mere proximity of a weapon to a passenger in a car goes only to its accessibility, not to the dominion or control which must be proved to establish possession." *United States v. Soto,* 779 F.2d 558, 560 (9th Cir.1986) (citations omitted) (reversing conviction for possession of three pistols found in car in which defendant was riding even though two of the pistols were found behind defendant's seat and within his reach).

Beyond Clobes' claim that he saw Blue's shoulder dip and the discovery of the pistol underneath the passenger seat, the government did not substantiate its case against Blue. It did not produce fingerprints or any other physical evidence which would link Blue with the gun. The government introduced no evidence demonstrating that Blue owned the gun or testimony that Blue had been seen with the gun. The car in which the gun was found did not belong to Blue; in fact, no evidence indicated that Blue had ever been in that car before. Without more evidence than that proffered by the government, we cannot sustain Blue's conviction.

We recognize that our decision is inconsistent with *United States v. Flenoid,* 718 F.2d 867, 868 (8th Cir.1983) (per curiam). We remain convinced, however, that Blue's shoulder dip alone does not transform Blue from a mere passenger in the car to a possessor of whatever is discovered underneath the seat in which he is sitting. In

reaching this decision, we emphasize that the facts of this case fall outside, but just barely, the realm of the quantum of evidence necessary to support a finding of constructive possession. *See United States v. Beverly,* 750 F.2d 34, 36–37 (6th Cir.1984) (constructive possession not proven by evidence that defendant was standing close to a waste basket which contained two guns, one of which contained defendant's fingerprint); *see also United States v. Wilson,* 922 F.2d 1336, 1339 (7th Cir. 1991) (in an admittedly "very close case," conviction for illegal firearm possession sustained because gun with defendant's finger print on it was found in his girlfriend's apartment where defendant sometimes spent the night).

Accordingly, Blue's conviction is reversed.

REVERSED.

---

* On several occasions, this court has previously discussed the sufficiency of the evidence underlying convictions for constructively possessing firearms. *See, e.g., United States v. Jones,* 945 F.2d 747, 749, 750 (4th Cir.1991) (police found gun in defendant's bedroom and ammunition for the gun in his pants pocket); *United States v. Stanley,* 597 F.2d 866, 871 (4th Cir.1979) (defen-

dant informed agent that gun was in van defendant was driving, requested a receipt when he surrendered the gun to the agent, and lived in house in which a second pistol was found on a table); *United States v. Poore,* 594 F.2d 39, 43 (4th Cir.1979) (testimony of cohabitant linked defendant with shotgun discovered in apartment where defendant resided).