993 F.2d 1540
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Tyrone LINEBERGER, Defendant-Appellant.
 No. 92-5402.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 9, 1993
Decided: May 24, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Norwood Carlton Tilley, Jr., District Judge. (CR-91-273-WS)
 Gregory Davis, Debra R. Jessup, Law Offices of Gregory Davis, Winston-Salem, North Carolina, for Appellant.
 Robert H. Edmunds, Jr ., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, WILKINS, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Ronald Tyrone Lineberger was found guilty after a trial by jury of possessing with intent to distribute crack cocaine in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 1981 & Supp. 1992) (count (1)), carrying a firearm during a drug trafficking offense in violation of 18 U.S.C.A. § 924(c)(1) (West Supp. 1992) (count (2)), and possessing a firearm in commerce after a felony conviction in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West Supp. 1992) (count (3)). He was sentenced to 120 months on the drug charge and to sixty consolidated months on each of the firearms charges. He now appeals, arguing that the evidence presented at trial was insufficient to establish his constructive possession of the crack cocaine and the firearm, and that as a result his convictions on all counts must fail. We disagree and affirm.
 
 I.
 
 2
 Testimony and other evidence presented at trial established that Officer Tim Southern of the Winston-Salem Police Department stopped the Ford Escort which Lineberger was driving just after midnight on October 20, 1991, because the headlights were not on. Lineberger was accompanied by a female passenger. Lineberger told Southern that his name was Tim Reed, that he was born on October 17, 1969, and that he had no identification. Southern ran the car's license tag number and the alleged name and birth date of the driver over his police radio and discovered that the license tag was listed as stolen and that the Department of Motor Vehicles had no information on a Tim Reed.
 
 
 3
 Southern then observed Lineberger walking across an adjacent field which was illuminated with street lights. Southern asked Lineberger where he was going, and Lineberger replied that he had to use the bathroom. Southern then saw Lineberger squat down for a brief moment and then stand for approximately thirty seconds before returning to the car. Southern visually marked the spot where Lineberger had been (some 150 to 175 feet from Southern's location) for later investigation. Lineberger was arrested and placed in the back seat of Southern's patrol car upon his return.
 
 
 4
 After other officers arrived, Southern went to the spot he had mentally marked and within one minute found a pill bottle containing what later proved to be 20.99 grams of crack cocaine with a value of $2,500. Although the area from which the bottle was retrieved was littered with debris, the bottle itself was clean and still warm to the touch when Southern picked it up. There was no evidence in the field that Lineberger had actually urinated. During a subsequent search of Lineberger's car, Southern found another rock of crack cocaine and a loaded Smith and Wesson .22 caliber revolver under the passenger seat. The gun was manufactured outside of North Carolina and thus had to travel in interstate commerce.
 
 
 5
 Southern then returned to the police cruiser. Lineberger was in the process of telling another officer, without any prompting, that the gun found in the car was his, and that he didn't hide the drugs. The district court concluded that this comment was voluntarily made. Lineberger made a similar statement to Southern when interviewed at the Forsyth County Jail later that day after waiving his rights. While incarcerated at the jail, Lineberger told an old acquaintance with whom he was housed, Lamont Ruth, that he was stopped by the police because he was driving without his headlights, that he walked into the field to use the bathroom, and threw some "dope" by the tree. Lineberger also told Ruth that he had a gun under the passenger seat.
 
 II.
 
 6
 When faced with challenges to the sufficiency of evidence used to convict, this Court asks whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). When making this determination, all evidence must be viewed in the light most favorable to the prosecution. Id. Possession of either drugs or the gun was an essential element of each count of this indictment, and in each case, the government attempted to meet its burden of proof by showing constructive possession. "Constructive possession exists when the defendant exercises, or has the power to exercise, dominion and control over the item[,]" United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir.), cert. denied, 447 U.S. 925 (1980), and has knowledge of the item's presence. United States v. Bell, 954 F.2d 232, 235 (4th Cir. 1992); United States v. Schocket, 753 F.2d 336, 340 (4th Cir. 1985). Both of these components may be established by circumstantial evidence. Bell, 954 F.2d at 235; United States v. Zandi, 769 F.2d 229, 234 (4th Cir. 1985); Laughman, 618 F.2d at 1075.
 
 
 7
 Thus, in Bell, the defendant's presence in the car where drugs were found, his attempt to leave the scene when the car was stopped, his past relationship with a co-defendant, and his nervous response to the search were deemed sufficient to establish his constructive possession of the drugs. 954 F.2d at 236. See also United States v. Crockett, 813 F.2d 1310, 1316 (4th Cir.) (evidence that co-defendant was present at drug transactions, drove the car in which contraband was found, and left many phone messages with drug dealer established constructive possession of drugs), cert. denied, 484 U.S. 834 (1987); but see United States v. Blue, 957 F.2d 106, 108 (4th Cir. 1992) (evidence that defendant's shoulder dipped as officer approached vehicle and that revolver was found under passenger seat where defendant was sitting did not establish constructive possession, where no other evidence was presented to establish dominion and control).
 
 
 8
 In this case, the jury was not only presented with the circumstantial evidence of constructive possession arising from Southern's stop and search, including evidence that Lineberger had walked to the area of the field where the bottle containing drugs was later found, that the bottle was clean and still warm to the touch when Southern retrieved it notwithstanding the condition of the surrounding field, and that the gun was found in the car which Lineberger was driving. The jury also heard testimony from Ruth and Southern that Lineberger had admitted the gun was his and had admitted throwing the drugs in the field. This evidence was clearly sufficient to support the jury's conclusion that Lineberger constructively possessed both the gun and the bottle of crack cocaine. Because we find that possession was adequately established as to counts (1) and (3), Lineberger's challenge to count (2), which required drug possession as a predicate, must likewise fail.
 
 
 9
 Lineberger's convictions are hereby affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED