46 F.3d 1127
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Deon HARRIS, a/k/a Kemu Harris, Defendant-Appellant.
 No. 93-5831.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 20, 1994.
Decided Jan. 18, 1995.
 
 Oldric J. Labell, Jr., Newport News, VA, for Appellant.
 Helen F. Fahey, United States Attorney, Sherrie S. Hardwick, Special Assistant United States Attorney, Norfolk, VA, for Appellee.
 Before MURNAGHAN, WILKINS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Deon Harris appeals his conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. Sec. 922(g)(1) (1988), 18 U.S.C.A. Sec. 924(a)(2) (West Supp.1994). Finding no error, we affirm.
 
 
 2
 At Harris's jury trial, the Government's evidence showed that in December 1992 Officer William Roth of the Newport News Police Department received a dispatch call to respond to a 911 call, which referred to three or four armed black males. When Officer Roth arrived at the address, he observed a Ford Bronco, which had been described to him by the dispatcher, occupied by three black males. Roth testified:
 
 
 3
 When I first pulled up behind the Bronco I observed the driver of the Bronco looking in his rearview mirror toward me. At this time he made a motion with the right side, a motion leaning over stretching, as it appeared to me.[1]
 
 
 4
 Officer Roth further testified that Harris "was putting something under the front passenger seat of the vehicle."[2] When Harris exited his vehicle, Roth exited his police car and Harris "started walking away from the Bronco." Officer Roth approached Harris with his weapon drawn and patted Harris down for weapons. Officer Roth did not find any weapons on Harris's person.
 
 
 5
 Two other officers arrived to provide back-up to Roth on the call. When they arrived, Roth told them that he observed Harris "reaching over and ... put something on the front passenger seat of the vehicle." Roth told the officers to watch Harris as well as the other two males in the Bronco. Roth went to the apartment where the 911 call originated from to talk to the person who made the call. When Roth returned to the Bronco, he arrested Harris and the other two passengers in the Bronco. Harris then stated, "go check him," referring to the person who made the 911 call, "he has got as many weapons as anybody else does."
 
 
 6
 Pursuant to the arrests, Roth searched the Bronco and found three loaded firearms. "Under the passenger seat closest to the driver's side where" Roth had seen Harris lean, Roth found a Glock .45 caliber semiautomatic weapon. The Glock was positioned with the butt of the gun toward the front of the vehicle and the barrel toward the rear. Officer Roth found "under the passenger seat closest to the passenger door," a Lotus .380 semiautomatic weapon. Finally, Roth found a 9 mm. weapon under the back seat. Roth also recovered a second Glock magazine fully loaded with .45 caliber ammunition from the rear of the Bronco, a set of scales and two ski masks from inside the vehicle, and a pager from the sun visor over the driver's side of the vehicle.
 
 
 7
 On appeal, Harris claims that: (1) the evidence was insufficient to prove that he possessed the Glock .45 caliber weapon; and (2) he was prejudiced by the admission of opinion evidence.
 
 
 8
 In reviewing a conviction based on a challenge to the sufficiency of the evidence, this Court must determine whether, viewing all the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982).
 
 
 9
 "Constructive possession exists when the defendant exercises, or has the power to exercise, dominion and control over the item," United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir.), cert. denied, 447 U.S. 925 (1980), and has knowledge of the item's presence. United States v. Bell, 954 F.2d 232, 235 (4th Cir.1992). "[K]nowledge may be inferred from possession, that is, dominion and control over the area where the contraband is found." United States v. Lochan, 674 F.2d 960, 966 (1st Cir.1982). Moreover, "[o]ne who owns or exercises control over a motor vehicle in which contraband is concealed may be deemed to possess the contraband." United States v. Hernandez-Palacios, 838 F.2d 1346, 1349 (5th Cir.1988). Drivers generally have dominion and control over the vehicles that they drive. Lochan, 674 F.2d at 966. Finally, possession need not be exclusive, but may be shared by others, and is susceptible of proof by circumstantial as well as direct evidence. Laughman, 618 F.2d at 1077.
 
 
 10
 Harris contends that the facts of his case are similar to those of United States v. Blue, 957 F.2d 106, 107-08 (4th Cir.1992). In Blue, this Court found that the Government did not establish a passenger's constructive possession of a firearm located under a car's passenger seat.
 
 
 11
 There are some similarities between Blue and the facts of this case. However, there are several crucial differences between Blue and this case. First, Harris, unlike Blue, was the owner and driver of the car. Thus, he clearly had dominion and control over the vehicle. Furthermore, the Glock pistol, which was fully loaded, was well within Harris's reach, unlike the weapon in Blue. Finally, the Glock pistol was closer to the driver's side of the car, whereas another firearm was located closer to the front passenger's side. Under the familiar standard of Glasser v. United States, 315 U.S. 60 (1942), the evidence was sufficient to convict Harris.
 
 
 12
 Harris objects to the admission of Roth's testimony that he saw Harris make "a motion with the right side, a motion leaning over stretching, as it appeared to me ... that he was putting something under the front seat next to him." Harris claims that he was prejudiced by the admission of this opinion testimony and the admission violated Fed.R.Evid. 602, 701. He contends that the testimony was prejudicial because it "touched the ultimate issue in the case; did the Appellant place the firearm under the seat."
 
 
 13
 "A district court's evidentiary rulings are entitled to substantial deference." United States v. Russell, 971 F.2d 1098, 1104 (4th Cir.1992). "Such rulings will not be disturbed absent a clear abuse of discretion." Id. First, Roth's testimony did not answer the ultimate issue in this case, whether Harris constructively possessed a firearm. Roth did not testify, for instance, that it appeared to him that Harris placed a firearm under the seat. Rather, Roth merely described Harris's physical movements inside the vehicle, which he observed when he drove up behind Harris's car.[3] Further, even if Roth's testimony went to the ultimate issue, an expert can testify to the ultimate issue so long as there is an adequate foundation. Fed.R.Evid. 704; Fortney v. United States, 912 F.2d 722 (4th Cir.1990). When Roth testified as to Harris's actions, he testified as an expert based on his experience of police investigation, and there was an adequate foundation for his testimony on this point. Therefore, the district court did not abuse its discretion in admitting Roth's testimony.
 
 
 14
 Accordingly, we affirm Harris's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Roth stated that what he observed was relative to shoulder height and he could not see what was in Harris's hands
 
 
 [2]
 Harris was the driver of the Bronco. Wesley Anthony Egerton was in the front passenger seat and Ron Richardson was in the back seat
 
 
 [3]
 In fact, Richardson, a defense witness, corroborated Roth's testimony by testifying that as Roth approached Harris's Bronco, Harris was putting a cellular phone down between the driver's and passenger's seat