UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                 No. 98-4569

THOMAS CAROLINA,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-97-42)

Submitted: January 12, 1999

Decided: April 27, 1999

Before WIDENER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Dannie R. Sutton, Jr., GOODWIN, SUTTON, DUVAL & GEARY,
P.L.C., Richmond, Virginia, for Appellant. Helen F. Fahey, United
States Attorney, James B. Comey, Assistant United States Attorney,
Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Following a one-day jury trial, Thomas Carolina was convicted in district court of simple possession of marijuana. He was also convicted of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) (1994). Carolina filed a timely notice of appeal. Carolina argues that there was insufficient evidence to convict him of the firearm and ammunition charges. We affirm in part and vacate in part, and remand.

Carolina was a passenger in a vehicle that was stopped by Richmond police for having a smoked plastic cover over its rear license plate. As a Richmond police officer approached the vehicle, he saw Carolina making furtive movements, his arms moving to the right side of the car and reaching down. The officer instructed Carolina to show his hands, but Carolina did not comply immediately. The officer then drew his weapon and ordered Carolina to show his hands, and Carolina eventually complied. After asking Carolina and the driver to leave the vehicle, police conducted a search and found a loaded firearm behind the passenger seat. Police also searched Carolina's person and found four small bags of marijuana.

The elements of 18 U.S.C. § 922(g)(1) are: (1) previous conviction of a felony; (2) knowingly shipping, transporting, possessing, or receiving any firearm or ammunition; and (3) the firearm or ammunition must have been in or affected interstate commerce. See United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). At trial, Carolina stipulated that he was previously convicted of a felony and that the firearm had traveled in interstate commerce at some point in its existence.

Carolina argues that his firearm conviction should be reversed because the gun was not his and because there was insufficient evi-

2

dence that he was in possession or control of the gun to be found as a felon possessing a firearm. "Knowing possession" may be established by proving that the defendant was in constructive possession of a firearm. See United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992). Constructive possession exists when the defendant exercises, or has the power to exercise, dominion and control over the item, see United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir. 1980), and has knowledge of the item's presence. See United States v. Schocket, 753 F.2d 336, 340 (4th Cir. 1985).

In assessing sufficiency of evidence, we must sustain a jury's verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). Carolina's movements while police were approaching the vehicle were consistent with an attempt to hide the firearm. The firearm was discovered between the passenger seat and the rear passenger door, a location over which Carolina had access while seated in the car. At trial, a police officer testified that during a conversation with Carolina, Carolina stated that police were very quick in drawing their weapons, faster than he was. When police asked if the gun was loaded, Carolina nodded his head. Also, Carolina produced conflicting testimony concerning his knowledge of the firearm's location in the car. He first testified that as soon as he entered the car, he noticed the driver had a gun. Later, Carolina stated that he did not know where the gun was in the car. Construing this evidence in the light most favorable to the Government, we find it sufficient to support the firearm conviction.

Carolina's conviction and sentence on the ammunition charge, however, must be vacated. There was no stipulation nor evidence presented at trial that the ammunition traveled in interstate or foreign commerce, an element of the offense. The Government agrees in its brief that vacating this conviction is warranted. Although we note that Carolina was sentenced to concurrent sentences on the firearm and ammunition charges, we further note that he was sentenced at the upper range of the Sentencing Guidelines. See U.S. Sentencing Guidelines Manual Ch. 5 Pt. A (1995). Because it is unclear whether the district court would impose the maximum penalty for the firearm conviction alone, we vacate Carolina's sentence and remand for resentencing.

3

For the reasons stated, Carolina's conviction and sentence for possession of ammunition by a felon are vacated; his conviction for possession of a firearm by a felon is affirmed, but his sentence is vacated and remanded for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

4