**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

ALPHONZO DEMETRIUS LEWIS, a/k/a D
Lewis,
Defendant-Appellant.

No. 98-4645

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-97-666)

Submitted: June 8, 1999

Decided: June 23, 1999

Before WIDENER, MURNAGHAN, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Judith L. Bourne, St. Thomas, Virgin Islands, for Appellant. J. Rene
Josey, United States Attorney, Alfred W. Bethea, Jr., Assistant United
States Attorney, Jonathan L. Marcus, Criminal Division, Appellate
Section, UNITED STATES DEPARTMENT OF JUSTICE, Washing-
ton, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Demetrius Lewis appeals his convictions for possession with intent to distribute marijuana, conspiracy to possess with the intent to distribute marijuana and cocaine base, being a convicted felon in possession of a firearm, and using a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. §§ 922(g)(1), 924 (1994), and 21 U.S.C. §§ 841(a)(1), 846 (1994). We affirm.

Lewis claims that there was insufficient evidence to sustain his convictions. A conviction should be sustained if, viewed in the light most favorable to the government, there is substantial evidence to support it. See Glasser v. United States, 315 U.S. 60, 80 (1942). To prove a § 846 conspiracy, the government must show that there was an agreement between two or more persons to violate the federal drug laws, that the defendant knew of the agreement, and that he voluntarily joined it. See United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc).

Lewis was a major cocaine dealer in the Atlantic Beach area from 1993 through his arrest in 1997. He sold sizable quantities of cocaine to other dealers for resale, often to the same persons on a consistent basis. Lewis also fronted other dealers cocaine, and some of these dealers testified that they were working for Lewis and that Lewis was in business with Jeff Gore. Finally, Lewis made a statement referring to Jeff Gore and other unknown persons as partners. We find this evidence, when viewed in a light most favorable to the government, was sufficient to sustain Lewis' conspiracy conviction. See United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993).

Lewis was arrested in a car containing approximately thirty pounds of marijuana. He admitted that he traveled to South Carolina to sell marijuana. Although Lewis denied knowing about the marijuana in

2

the trunk, a police officer testified that he could smell the marijuana inside the car. In addition, Lewis' prior drug distribution conviction provided further evidence of his knowledge of the marijuana in the trunk and his intent to distribute it. Hence, the evidence was sufficient to sustain Lewis' conviction for possession with intent to distribute marijuana.

In challenging his § 922(g)(1) conviction Lewis asserts that the government failed to offer sufficient evidence showing that he possessed the .9 millimeter revolver found in the car in which he was arrested. We find this case distinguishable from United States v. Blue, 957 F.2d 106 (4th Cir. 1992), the primary case Lewis relies on in support of his claim. Here, the arresting officer found a box of .9 millimeter bullets in plain view in the car in which Lewis was sleeping. Lewis admitted that he had traveled to South Carolina with a drug dealer with the intention of selling marijuana. Finally, Lewis stated that he had been the only passenger in the car and the officer found the gun under the front passenger seat. Thus, the facts of the instant case are within the realm of evidence necessary to find constructive possession and the evidence was sufficient to convict Lewis of being a convicted felon in possession of a firearm.

Because the evidence was sufficient to show that Lewis traveled to South Carolina to sell marijuana while in possession of a firearm, the evidence was sufficient to sustain Lewis' conviction for carrying a firearm in relation to a drug trafficking offense.

This court reviews a district court's evidentiary rulings for an abuse of discretion. See United States v. Hassan El , 5 F.3d 726, 731 (4th Cir. 1993). Lewis claims that the district court erred in allowing the government to introduce the nature of his prior conviction for possession with intent to distribute crack cocaine under Fed. R. Evid. 404(b). Lewis' defense to the charge of possession with intent to distribute marijuana was that he had no knowledge of the thirty pounds of marijuana in the trunk of the car in which he was arrested. We find that his previous conviction for possession with intent to distribute cocaine was relevant to prove knowledge and intent. Because intent is an element of the charge of possession with intent to distribute, the government was required to offer proof on Lewis' intent to distribute to obtain his conviction. Given the overwhelming evidence of Lewis'

3

drug distribution activities and the brevity of the government's inquiry into his prior conviction, the introduction of the conviction was not unduly prejudicial and the district court did not abuse its discretion in admitting the conviction under Rule 404(b).

We further find no abuse of discretion in the admission of Casey Lee Thompson's testimony that he gave Lewis a .9 millimeter gun in exchange for crack cocaine.

This court reviews an enhancement under United States Sentencing Guidelines Manual ("U.S.S.G.") § 3B1.1 (1997) for clear error. See United States v. Withers, 100 F.3d 1142, 1147 (4th Cir. 1996). Here, the evidence was sufficient to support the four-level enhancement. The government and probation officer represented to the court at sentencing that Lewis and other individuals organized their own drug distribution network and successfully took control of the Atlantic Beach cocaine market. In developing the network Lewis pooled his resources with other dealers and sold and fronted distribution quantities of cocaine on a regular basis to a set of lower level drug dealers. In applying the four-level enhancement, the district court noted that the trial testimony of government witnesses supported the government's contention that Lewis was an organizer within the distribution ring. The district court named eight persons connected to Lewis' drug distribution network and recognized that Lewis did not have to be at the top of the organization to qualify for a four-level enhancement. Moreover, the district court recounted that some of the witnesses testified at trial that they worked for Lewis. Thus, the district court did not clearly err in finding that Lewis was the organizer or leader of a drug network that involved five or more participants warranting a four-level increase in his base offense level under U.S.S.G. § 3B1.1.

Finally, we reject Lewis' claim that the government obtained his conviction in violation of 18 U.S.C. § 201(c)(2) (1994). See United States v. Lowery, 166 F.3d 1119, 1122-23 (11th Cir. 1999).

We therefore affirm Lewis' convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4