**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4894

DION BRANDON FRANCIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CR-99-214)

Submitted: May 31, 2000

Decided: July 25, 2000

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

C. Dean Latsios, Fairfax, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Joshua Drew, Special Assistant United States
Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dion Brandon Francis appeals his conviction for possession of ammunition by a convicted felon in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1999). Finding no reversible error, we affirm.

Francis first contends that the district court erred in denying his motion for judgment of acquittal because the Government provided insufficient evidence to prove that he knowingly possessed a shotgun shell. This Court reviews de novo a district court's decision to deny a motion for judgment of acquittal. See United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998), cert. denied, 525 U.S. 1141 (1999). However, when a motion for judgment of acquittal is based on the claim that the evidence was insufficient, this Court reviews the denial under the sufficiency of the evidence standard. See id. Under this standard, "we are not entitled to weigh the evidence or to assess the credibility of witnesses, `but must assume that the jury resolved all contradictions . . . in favor of the Government.'" Id. (quoting United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1402 (4th Cir. 1993)).

Here, the record provided ample evidence that Francis constructively possessed the shotgun shell. See United States v. Jackson, 124 F.3d 607, 610 (4th Cir. 1997) (stating that a defendant can possess contraband constructively). Several witnesses saw Francis with a loaded shotgun the day before his arrest. One of these witnesses observed Francis driving the vehicle, in which he was arrested one day later, with a shotgun tucked between his leg and the vehicle's console. After his arrest, a weapon search of the vehicle revealed an unexpended shotgun shell in plain sight in front of the driver's seat that the driver, Francis, could have easily reached. We find that, viewing the evidence in the light most favorable to the Government, this evidence sufficiently established that Francis knowingly possessed the shotgun shell. See United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992); United States v. Lewis, 701 F.2d 972, 973-74 (D.C. Cir. 1983).

2

Francis next contends that the district court erred when giving a supplemental instruction in response to a question the jury posed after it began deliberations. Because the necessity, intent, and character of supplemental jury instructions are matters within the discretion of the trial court, we review for abuse of discretion. See United States v. Smith, 62 F.3d 641, 646 (4th Cir. 1995); United States v. Horton, 921 F.2d 540, 546 (4th Cir. 1990). In reviewing the district court's response, this Court inquires whether the instruction responded to the jury's question "fairly and accurately without creating prejudice." Smith, 62 F.3d at 646. An error requires reversal only if it is prejudicial in the context of the record as a whole. See United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1406-07 (4th Cir. 1993). Contrary to Francis' assertion on appeal, we find no basis to conclude that the district court confused the jury by giving a supplemental instruction that directly quoted Rule 404(b) of the Federal Rules of Evidence. Moreover, the instruction was not improper under Rule 404(b) because it did not relate to extrinsic evidence. See United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994). Hence, we find no abuse of discretion.

Accordingly, we affirm Francis' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

3