UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                              No. 00-4535

JAMES HAMPTON EVANS,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-99-175-V)

Submitted: January 19, 2001

Decided: February 13, 2001

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

M. Timothy Porterfield, Charlotte, North Carolina, for Appellant.
Mark T. Calloway, United States Attorney, Brian Lee Whisler, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

James Hampton Evans was convicted of being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1) (1994). He appeals the district court's denial of his Fed. R. Crim. P. 29 motion for acquittal. Specifically, Evans contends that the evidence was insufficient to support a finding that he possessed the firearm in question. To support his contention, Evans relies primarily on *United States v. Blue*, 957 F.2d 106 (4th Cir. 1992), in which this court overturned a § 922(g) conviction on the ground that the evidence was insufficient to support a finding of possession. We have reviewed the record, however, and find that the facts of this case are more closely analogous to the facts of *United States v. Johnson*, 55 F.3d 976 (4th Cir. 1995), in which we held that the evidence was sufficient to support a finding of firearm possession. We therefore affirm the district court's denial of the Rule 29 motion.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

*AFFIRMED*

---

*The other arguments advanced by Evans relate only to witness credibility. Assessing witness credibility, however, is within the province of the jury, *Johnson*, 55 F.3d at 979, and is a function that this court does not perform on appeal. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998), *cert. denied*, 525 U.S. 1141 (1999).