**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4340**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

          v.

ROBERT STACY MCNEAL, a/k/a Stacy,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:10-cr-00043-F-6)

_____

Submitted:  December 16, 2011        Decided:  January 4, 2012

_____

Before MOTZ, GREGORY, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Walter A. Schmidlin, III, STEWART & SCHMIDLIN, PLLC, Smithfield, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Stacy McNeal appeals his conviction following a jury trial and sentence of 120 months' imprisonment for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). McNeal challenges the district court's denial of his Fed. R. Crim. P. 29 motions for a judgment of acquittal, asserting that the evidence was insufficient to sustain his conviction. We affirm.

We review de novo a district court's decision to deny a motion for a judgment of acquittal. United States v. Hickman, 626 F.3d 756, 762-63 (4th Cir. 2010), cert. denied, 2011 WL 4345018 (U.S. Oct. 17, 2011) (No. 11-6404). Where such a motion alleges insufficiency of the evidence, we must sustain the jury's verdict if, viewing the evidence in the light most favorable to the government, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Green, 599 F.3d 360, 367 (4th Cir.) (internal quotation marks omitted), cert. denied, 131 S. Ct. 271, 340 (2010). In making this determination, we review the record to determine whether the conviction is supported by "substantial evidence," where "substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Hickman, 626 F.3d at 763 (internal

2

quotation marks omitted).  Because the credibility of witnesses is properly assessed by the jury rather than by this court on appeal, we "cannot make [our] own credibility determinations but must assume that the jury resolved all contradictions in testimony in favor of the Government."  United States v. Penniegraft, 641 F.3d 566, 572 (4th Cir. 2011) (internal quotation marks omitted).

To sustain a conviction for a violation of 18 U.S.C. § 922(g)(1), the Government must prove: "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed, transported, shipped, or received, the firearm; and (3) the possession was in or affecting commerce, because the firearm had travelled in interstate or foreign commerce." United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc).

McNeal's conviction was supported by his possession of two firearms, a Taurus PT-22 handgun and a shotgun.  As to the handgun, McNeal asserts that the evidence was insufficient to establish that he possessed the weapon.  With respect to the shotgun, he claims that the evidence failed to demonstrate the requisite nexus with interstate commerce.  Upon careful review of the record, we find no merit in either contention.

3

The evidence presented during McNeal's trial was sufficient to allow a reasonable juror to find that McNeal constructively possessed the handgun. Constructive possession, which satisfies the "possession" element of 18 U.S.C. § 922(g)(1), is established by demonstrating "ownership, dominion, or control over the contraband or the premises or vehicle in which the contraband was concealed.". United States v. Herder, 594 F.3d 352, 358 (4th Cir.), cert. denied, 130 S. Ct. 3440 (2010); United States v. Scott, 424 F.3d 431, 434-36 (4th Cir. 2005).

In McNeal's case, a significant quantum of evidence demonstrated his knowledge, ownership, and control of the handgun, and we find unpersuasive his attempt to analogize the facts of his case to those we considered in United States v. Blue, 957 F.2d 106 (4th Cir. 1992). In contrast to the scant indications of possession present in Blue, the evidence here established that McNeal arranged for receipt of the handgun, took delivery of the weapon, was aware of its location in his car, and participated in an incident in which it was used by his friend. Accordingly, we conclude that a reasonable juror could find that McNeal constructively possessed the handgun.

Turning to the shotgun, we have held that a "connection to interstate commerce can be satisfied through proof that the firearm or ammunition is manufactured in one

4

state and possessed in another." See <u>United States v. Williams</u>, 445 F.3d 724, 740 (4th Cir. 2006). McNeal asserts that no such finding can be made because the shotgun was never recovered and the expert testimony alone was insufficient to meet the Government's burden of proof.

We have found, however, that where the Government is unable to produce the subject firearm, expert testimony indicating that no type of shotgun is manufactured in the state in which the defendant is alleged to have possessed the weapon is sufficient to establish the interstate commerce element of a 18 U.S.C. § 922(g)(1) charge. <u>Williams</u>, 445 F.3d at 729, 740. Because just such testimony regarding the shotgun possessed by McNeal was offered at his trial, we hold that the evidence was sufficient to allow a reasonable juror to determine that the weapon traveled in interstate commerce.[*]

Accordingly, we reject McNeal's challenge to the district court's denial of his Fed. R. Crim. P. 29 motions for a judgment of acquittal and affirm the judgment below. We dispense with oral argument because the facts and legal

---

[*] We also reject McNeal's challenge, raised for the first time on appeal, that the jury's deliberations (under thirty minutes) were too brief to be reasonable. See <u>United States v. Aguilera</u>, 625 F.3d 482, 487 (8th Cir. 2010) (agreeing with other circuits that "brief jury deliberation alone is not a sufficient basis for a new trial;" collecting cases).

conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED