UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4137

WAYMON BRUCE JOYNER, III,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-98-118)

Submitted: September 30, 1999

Decided: October 15, 1999

Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jennifer T. Stanton, J. T. STANTON, P.C., Norfolk, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, James Ashford
Metcalfe, Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Waymon Joyner was convicted of three counts of possession of a firearm by a convicted felon, and one count of possession of ammunition by a convicted felon, 18 U.S.C.A. § 922(g)(1) (West 1994 & Supp. 1999). He now appeals his convictions and 293-month sentence. We affirm.

I

A confidential reliable informant informed Officer Kenneth Dimitry of the Virginia Beach Police Department that a man known as "Junior" was selling crack out of a residence on Ego Drive in Virginia Beach. The informant also said that Junior possessed several firearms. Officer Dimitry soon learned that "Junior" was Waymon Joyner, a convicted felon, and that he lived at the residence with his mother. Dimitry had the informant make a controlled buy of crack from Joyner at the home. Following the transaction, officers executed a search warrant at the residence.

During the search, officers recovered from one bedroom two shotguns, a handgun, ammunition, drug paraphernalia, a large amount of cash, identification cards in Joyner's name, letters from the Department of Motor Vehicles addressed to Joyner at that address, a smoke grenade, nunchucks, clubs, and knives. Joyner was arrested.

He was charged in three counts with possession of a firearm by a convicted felon and in one count with possession of ammunition by a convicted felon, in violation of § 922(g)(1). Prior to trial, the district court conducted a hearing on Joyner's motion to suppress items seized during the search and statements he made subsequent to the search. The court denied the motion.

The court subsequently heard argument on Joyner's motion in limine. The court ruled that the bedroom in which the guns and ammunition were discovered could not be referred to as Joyner's. Further, items recovered during the search that Joyner admitted were

2

his or that bore his name were admissible, as were the guns and ammunition. Finally, other weapons recovered during the search were ruled inadmissible. Also deemed inadmissible were certain credit and ATM cards discovered during the search that bore names other than Joyner's. The weapons and cards that originally were found inadmissible later were introduced into evidence after Joyner's mother, a defense witness, testified that everything the police recovered during the search belonged to her. This opened the door for the prosecution's introduction of the evidence on cross-examination.

Joyner was convicted on all four counts. He was found to be an armed career criminal and received a 293-month sentence.

II

Joyner contends that the district court improperly denied his motion to suppress items seized during the search and statements he made following his arrest. He concedes that the search warrant was valid but argues that the police lacked probable cause to arrest him.

Probable cause to arrest exists if, at the moment of arrest, "the facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the defendant . . . had committed an offense." United States v. Dorlouis , 107 F.3d 248, 253 (4th Cir.), cert. denied, 521 U.S. 1126 1997). Probable cause to arrest thus is based on the totality of the circumstances within an officer's knowledge. See United States v. Thomas, 913 F.2d 1111, 1113 (4th Cir. 1990).

Here, there was probable cause to arrest Joyner. A confidential informant had just purchased crack cocaine from Joyner. Further, Joyner was known to be a convicted felon. Officers found firearms in what clearly was Joyner's bedroom. It is a felony in Virginia for a convicted felon to possess firearms. On the basis of these facts, officers reasonably believed that Joyner had committed drug and firearms offenses. Probable cause to arrest him existed.

III

Joyner also alleges that the district court should have granted his motion in limine. He does not specifically identify the items which he

believes should have been excluded from trial, although it appears that he principally objects to the introduction of the weapons--other than the guns and ammunition--recovered from the bedroom, and to the introduction of certain credit and ATM cards that belonged to others. Joyner contends that allowing these items into evidence unduly prejudiced his defense.

The district court originally ruled these items inadmissible but permitted their introduction after Joyner's mother, a defense witness, opened the door to their introduction by claiming that everything found in the house belonged to her or was found by her. In any event, the district court did not abuse its discretion by permitting the introduction of these items. The evidence was relevant to the contested issue of whether the bedroom in which the items were found belonged to Joyner. The items were probative of possession, an element of the offense. The evidence was reliable, and its probative value did not outweigh any prejudice that might have flowed from its introduction. See Fed. R. Evid. 403, 404(b); United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997).

IV

Joyner claims that the evidence was insufficient to convict him. When addressing a claim of insufficiency of the evidence, we affirm a conviction if, in light of the totality of the evidence presented at trial, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc). Joyner was charged with violating 18 U.S.C.A. § 922. The elements of that offense are: (1) that Joyner was previously convicted of a crime punishable by imprisonment of more than one year in a court of the United States or a state; (2) that he possessed the firearm or ammunition; and (3) that the possession was in or affecting interstate commerce. Joyner stipulated to the previous felony conviction and to the interstate commerce nexus. He claims that the government did not establish possession.

Possession may be actual or constructive and may be proven by direct or circumstantial evidence. See United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir. 1993). Constructive possession exists when the

4

defendant exercises or has the power to exercise dominion or control over the object in question or the place in which the contraband is concealed. See United States v. Blue, 957 F.2d 106, 107-108 (4th Cir. 1992). Here, the firearms were concealed in what clearly was Joyner's bedroom. A reasonable juror could infer from numerous items discovered during the search, including letters from DMV addressed to Joyner at that address, that the bedroom was his. Additionally, Officer Dimitry testified that Joyner admitted after his arrest that the shotguns found in the bedroom were his. The evidence was sufficient to establish possession and to convict Joyner.

V

Joyner made inculpatory statements following his arrest. Officer Dimitry testified about these statements. On cross-examination, he testified that he neither recorded Joyner's statements nor asked Joyner to sign a written statement. Further, Officer Dimitry testified that there was no law or police department policy requiring that a suspect's statements be recorded or that a suspect sign a written statement.

During deliberations, the jury submitted three questions to the court. One was, "Why no written statements at police station? What does Virginia Beach require of interrogation and follow-up, especially regarding defendant signing statement?" The court replied that the department "does not have these requirements. As instructed by the court, there is no legal requirement for taped, videoed, or signed statements by defendants." Joyner contends that this supplemental instruction was unduly prejudicial.

We review the necessity, extent, and character of supplemental jury instructions for abuse of discretion. See United States v. Horton, 921 F.2d 540, 546-47 (4th Cir. 1990). In reviewing a supplemental instruction, we inquire whether the instruction responded to the jury's question "fairly and accurately without creating prejudice." United States v. Smith, 62 F.3d 641, 646 (4th Cir. 1995). An error requires reversal only if it is prejudicial in the context of the record as a whole. See United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1406-1407 (4th Cir. 1993).

5

Here, there was no abuse of discretion. The trial court succinctly and accurately responded to the jury's question. The answer did not lend credence to the prosecution's case.

VI

Finally, Joyner alleges that he was improperly sentenced as an armed career criminal. Persons convicted of violating § 922(g) who have three previous convictions for violent felonies or serious drug offenses are subject to enhanced penalties under 18 U.S.C. § 924(e)(1) (1994). The sentencing guidelines provide that armed career criminals will be assigned the greater of the offense level calculated under Chapter Two or Chapter Three of the guidelines or the offense level applicable to an armed career criminal. See U.S. Sentencing Guidelines Manual § 4B1.4 (1998). Joyner was found to have at least three violent felony convictions: (1) a December 1983 conviction for statutory burglary; (2) a March 1984 conviction for unlawful wounding; and (3) an April 1991 conviction for statutory burglary.

His Chapter Two offense level was 27; his USSG § 4B1.1(b)(3)(B) was 33. It was therefore this level that was used to calculate his guideline range. With an offense level of 33 and a criminal history category of VI, Joyner's guideline range was 235-293 months. He received a 293-month sentence.

On appeal, Joyner contends that treating the 1983 and 1984 convictions as predicate violent felonies was error.* He received a five-year sentence for the 1983 statutory burglary conviction, which is clearly a felony under Virginia law. This burglary conviction qualifies as a predicate violent felony under 18 U.S.C. § 924(e)(2)(B)(ii). Similarly, his 1984 conviction for the unlawful wounding of a police officer, for which he received a twelve-month sentence but could have received a longer term of imprisonment, was a felony under Virginia law, and qualifies as a predicate violent felony under federal law. The district court did not clearly err in finding that Joyner had the requisite three convictions of violent felonies to qualify him as an armed career criminal.

_____
*Joyner concedes that the 1994 conviction qualifies as a violent felony.

VII

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED