**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4360

WILLIE LEE BERRY,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-98-18)

Argued: May 5, 2000

Decided: May 30, 2000

Before WIDENER and MOTZ, Circuit Judges,
and Irene M. KEELEY, United States District Judge for the
Northern District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Scott Hadden Gsell, LAW OFFICES OF SCOTT
GSELL, Charlotte, North Carolina, for Appellant. Brian Lee Whisler,
Assistant United States Attorney, OFFICE OF THE UNITED
STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON
BRIEF:** Mark T. Calloway, United States Attorney, OFFICE OF
THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Willie Lee Berry appeals his conviction for possession of a firearm by a convicted felon, 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West Supp. 1999). Finding no reversible error, we affirm.

Berry claims on appeal that the evidence was insufficient to support the jury's finding that he knowingly possessed the firearm that was found in the vehicle that he was driving. We review a jury verdict for the sufficiency of the evidence by determining whether there is substantial evidence, when viewed in the light most favorable to the Government, to support the verdict. See Glasser v. United States, 315 U.S. 60, 80 (1942). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses, and we assume that the jury resolved all contradictions in the testimony in favor of the Government. See United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998), cert. denied, ___ U.S. ___, 119 S.Ct. 1032 (1999). A review of the record discloses that substantial evidence supported Berry's conviction. See United States v. Johnson, 55 F.3d 976, 979 (4th Cir. 1995).

Moreover, the facts surrounding Berry's arrest are sufficiently distinguishable from those in United States v. Blue , 957 F.2d 106 (4th Cir. 1992). Unlike the appellant in Blue, who was merely a front seat passenger, Berry was the driver and sole occupant of his vehicle when the police stopped it. In addition, the firearm, which was found under the right front passenger seat toward the driver's side of the car, was well within Berry's reach and, thus, his dominion and control.

Accordingly, we affirm Berry's conviction and sentence.

AFFIRMED

2