**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                                      No. 01-4350

TERRENCE JAVON ALLEN,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Henry C. Morgan, Jr., District Judge.
(CR-00-76)

Submitted: October 31, 2001

Decided: November 19, 2001

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Jeffrey W. Shaw, DUSEWICZ & SOBERICK, P.C., Gloucester Point, Virginia, for Appellant. Kenneth E. Melson, United States Attorney, Matthew W. Hoffman, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Terrence Jovan Allen appeals his conviction and sentence for possession of a firearm after having been convicted of a crime punishable by more than one year imprisonment, in violation of 18 U.S.C.A. § 922(g) (West 2000). Allen was indicted after a handgun was discovered in the glove compartment of a vehicle in which he was riding in the front passenger seat. Finding no error, we affirm.

Allen first contends the evidence was insufficient to prove he knowingly possessed the handgun. The elements of a violation of § 922(g)(1) are that: "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce." *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). Allen stipulated to a disqualifying prior conviction, and he does not contest the interstate or foreign commerce element. He argues the evidence did not show that he either knew the firearm was in the vehicle or that he exercised dominion or control over it at any time.

A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume the jury resolved all contradictions in the testimony in favor of the government. *See United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998), *cert. denied*, 525 U.S. 1141 (1999).

Our review of the record convinces us that the evidence was sufficient to support Allen's conviction. In addition to the trooper's obser-

vations of Allen during the stop of the vehicle, two rounds of ammunition and a part of the handgun fell from Allen's lap as he exited the vehicle, and a magazine spring and four more rounds of ammunition were found on the floorboard and seat in which Allen sat. Allen's reliance on *United States v. Blue*, 957 F.2d 106 (4th Cir. 1992), is misplaced, as the evidence clearly indicated more than "mere presence" and a "shoulder dip" by Allen. *Id.* at 108.

Allen next contends the Government violated his due process rights by failing to preserve the firearm for fingerprint analysis. Allen's assertion that fingerprint analysis would have provided exculpatory evidence is purely speculative, however, because he did not request that the firearm be subjected to fingerprint analysis, even though the firearm was available for such analysis and was introduced at trial. Nor did Allen object to the admission of the firearm into evidence. Accordingly, Allen must demonstrate bad faith by the Government to support a claim that he was denied due process. *See Arizona v. Young-blood*, 488 U.S. 51, 57-58 (1988). We conclude that Allen's argument that the trooper acted in bad faith by failing to ensure the handgun was not handled after he seized it is without merit. *See Holdren v. Legursky*, 16 F.3d 57, 60 (4th Cir. 1994).

Allen's final argument is that the district court erred in giving a supplemental jury instruction on proof of knowledge and intent. The decision to respond to a jury's request for clarification, and the form of that response, are reviewed for abuse of discretion. *See United States v. Smith*, 62 F.3d 641, 646 (4th Cir. 1995). If the district court gives a supplemental instruction, the instruction must "respond to the jury's apparent source of confusion fairly and accurately without creating prejudice." *Id.* Allen does not argue the challenged instruction incorrectly stated the law, but contends it did not answer the jury's question and caused prejudice because it allowed the jury to conclude he intended to possess the handgun if they found he knew it was present in the vehicle. The district court was careful to give a limited instruction addressing the jury's question, and the court also instructed the jury to again consider a previous supplemental instruction defining "knowingly" and the initial instruction defining the mental state required to prove the crime. Therefore, we find no abuse of discretion by the district court.

Accordingly, we affirm Allen's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*