**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4688**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONIO DAVIS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Malcolm J. Howard, District Judge.  (CR-04-39)

---

Submitted:  January 31, 2006        Decided:  March 2, 2006

---

Before NIEMEYER, MICHAEL, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Jennifer May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Antonio Davis appeals from his conviction after a jury trial for possession of a firearm by a convicted felon. On appeal, he asserts that the evidence was insufficient to show that he knowingly possessed the firearm in question. After a review of the record, we affirm.

A verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is defined as "that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996)). We review both direct and circumstantial evidence and permit "the [G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

Title 18 U.S.C. § 922(g) (2000) prohibits the possession of a firearm by a person previously convicted of "a crime punishable by imprisonment for a term exceeding one year." Possession may be actual or constructive. United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992) (possession of a controlled substance). When the Government seeks to establish constructive

possession, it must prove that the defendant "intentionally exercised dominion and control over the firearm, or had the power and the intention to exercise dominion and control over the firearm." United States v. Scott, 424 F.3d 431, 435-36 (4th Cir.), cert. denied, 126 S. Ct. 779 (2005).

In support of his argument that there was insufficient evidence that he was in knowing possession of the firearm, Davis chiefly relies on our decision in United States v. Blue, 957 F.2d 106 (4th Cir. 1992). In Blue, we found that an officer's testimony that Blue's shoulder dipped as the officer approached the vehicle in which Blue was a passenger and the fact the gun was found under the passenger seat where Blue had been sitting did not alone support a finding of constructive possession. Id. at 107-08. We explained that, in order to "uphold a finding of constructive possession, this court requires more evidence of dominion and control than the government has offered here." Id. However, we noted that "[i]n reaching this decision, we emphasize that the facts of this case fall outside, but just barely, the realm of the quantum of evidence necessary to support a finding of constructive possession." Id. at 108.

In this case, there is substantially more evidence than the two pieces of evidence that were available in Blue. Davis was driving the vehicle in question, and the firearm was in plain sight and touching his foot. In addition, after Davis was seen bending

- 3 -

over in his seat, the firearm was found moved from the right side of the driver's seat to the left side and tucked under the seat. Moreover, when questioned about the gun, Davis stated unequivocally that it was not in the car.  He did not state that he was unaware of the car's contents or that, to his knowledge, there was no gun in the car.  Instead, his response gave the impression that he was aware of the contents of the car.  Based on the foregoing, we conclude that the evidence was sufficient for the jury to reach the conclusion that Davis was in possession of the firearm.

Accordingly, we affirm.  We deny Davis's motions to relieve counsel, to appoint new counsel, and to file a supplemental brief.  Davis must pursue any claims he has against his trial or appellate counsel in a 28 U.S.C. § 2255 (2000) motion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED