UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4846

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JORGE ANTONIO MOLINA MARTINEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:04-cr-00297-2)

Submitted: March 28, 2007            Decided: May 7, 2007

Before TRAXLER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Scott H. Gsell, LAW OFFICE OF SCOTT GSELL, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Thomas T. Cullen, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge Antonio Molina Martinez appeals his conviction of conspiracy to distribute cocaine, 21 U.S.C. § 846 (2000), and possession with intent to distribute cocaine, 21 U.S.C. § 841(a) (2000). Because the evidence was sufficient to convict, we affirm.

At the close of the evidence, Martinez moved pursuant to Fed. R. Crim. P. 29 for judgment of acquittal. We review the district court's denial of that motion de novo. See United States v. Uzenski, 434 F.3d 690, 700 (4th Cir. 2006). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942).

Testimony at trial established that Alex Sinoloa installed Martinez in the Charlotte area to run his cocaine business. Gerald Baharona, who testified at trial, was another member of the conspiracy. Baharona sold nine ounces of cocaine to a confidential informant on October 13, 2004. Martinez and Baharona prepared the drugs at an apartment rented by Martinez, and Baharona gave Martinez the $6000 that the informant paid him for the drugs.

The informant subsequently arranged to purchase four kilograms of cocaine. Two kilograms were to be delivered on October 22, the informant was to pay for all four kilograms on that

day, and the remaining two kilograms were to be delivered later. Officers arrested Baharona on October 22 as he was driving a white Ford Explorer to the location where he was to meet the informant. Inside a secret compartment, officers found two kilograms of cocaine. There was testimony that, on a rental application for the apartment out of which the drug business operated, Martinez identified a white Ford Explorer as one of his vehicles. He had been seen driving the Explorer, which Baharona used to deliver drugs, and Baharona testified that both he and Martinez knew how to operate the secret compartment, whose purpose was to conceal illegal narcotics.

This evidence is sufficient to support both convictions. See United States v. Strickland, 245 F.3d 368, 384-85 (4th Cir. 2001); United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996) (en banc). With respect to the § 841 conviction, we note that Martinez had the power to exercise dominion and control over the vehicle in which the drugs were found. He therefore had constructive possession of the drugs. See United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992).

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

AFFIRMED

- 3 -