**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 05-5006**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAYSHARD D. DUNCAN,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge. (CR-04-370-RWT)

―――――――――

Submitted: October 24, 2007          Decided: November 16, 2007

―――――――――

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

James Wyda, Federal Public Defender, Denise C. Barrett, Assistant Federal Public Defender, Sherri Keene, Staff Attorney, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Emily N. Glatfelter, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rayshard Duncan appeals the jury verdict convicting him of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). Duncan was subsequently sentenced to fifty-seven months' imprisonment. On appeal, Duncan asserts two challenges to his conviction, but does not appeal his sentence. Duncan first asserts the district court erred in denying his motion to suppress the inculpatory statement Duncan offered to a police officer upon his arrest. Duncan also challenges the instruction given the jury regarding constructive possession. For the reasons set forth below, we reject both assignments of error and affirm.

Taken in the light most favorable to the Government, United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005), the evidence presented at the hearing on the motion to suppress established the following facts. On the morning of March 24, 2004, Corporal Travis Fowble of the Prince George's County, Maryland, Police Department observed a vehicle drive toward the end of a dead end street located in a high crime area. After learning the vehicle's registration had been suspended, as had the driver's license issued to Duncan, the registered owner of the vehicle, Fowble initiated a traffic stop. Fowble approached the vehicle and spoke with the driver, later identified as Duncan. Because another officer observed what appeared to be a marijuana cigarette on the vehicle's dashboard, the officers asked Duncan and his two

passengers to exit the vehicle and handcuffed them. After confirming their suspicions that the cigarette was in fact marijuana, the officers placed all three men under arrest. The officers did not apprise Duncan of his <u>Miranda</u>[1] rights. In conducting an inventory search of the vehicle, Fowble discovered a loaded .9 mm handgun under the driver's seat.

While transporting Duncan to the precinct, Fowble received a radio communication from Corporal Price, one of the other officers who had assisted on the scene, inquiring whether Fowble recovered any firearms from the vehicle. Fowble responded that he had in fact seized a firearm, that he believed the firearm had been stolen, and that he further believed the firearm had recently been fired. Immediately after Fowble articulated his response to Price, Duncan spontaneously stated: "That gun has not been shot. I've had that gun for a long time." Fowble did not respond in any way, and Duncan made no further statements.

In support of his motion to suppress this statement, Duncan asserted the discourse in Fowble's police cruiser amounted to the functional equivalent of interrogation and further posited the conversation between Fowble and Price was designed to elicit an incriminating statement from Duncan. Citing <u>Rhode Island v. Innis</u>, 446 U.S. 291 (1980), the district court concluded <u>Miranda</u> was not implicated because there had been no express interrogation or the

---

[1]<u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

- 3 -

functional equivalent thereof.  Moreover, the district court categorically rejected Duncan's contention that the conversation between Price and Fowble was orchestrated to induce Duncan to offer an inculpatory statement.

After losing his suppression motion, Duncan proceeded to trial.  At the conclusion of Duncan's second jury trial,[2] the district court provided the following instruction regarding the possession element of the charged offense:

> "To possess" means to have something within a person's control.  This does not necessarily mean that the defendant must hold it physically.  That is having actual possession of it.  As long as the firearm was within the defendant's control, he possesses it.

> If you find that the defendant either had actual possession of the firearm, or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that the government has proven possession. . . .

> Proof of ownership of the firearm is not required.  To satisfy this element, you must also find that the defendant knowingly possessed the firearm.  This means that he possessed the firearm purposely and voluntarily and not by accident or mistake.

Duncan raised no objection to this instruction.  The jury subsequently found Duncan guilty.

---

[2]Duncan's first trial ended in a mistrial.

I.   Denial of Motion to Suppress

As he argued in the district court, Duncan asserts on appeal that his inculpatory statement to Fowble resulted from the functional equivalent of a custodial interrogation, conducted without Duncan being properly informed of his Miranda rights.

Statements that result from interrogation by officers are subject to suppression.  A person is "interrogated" for Miranda purposes not only when police expressly question him, but also when the police use any words or actions (other than those normally attendant to arrest and custody) that they should know are reasonably likely to elicit an incriminating response.  See Innis, 446 U.S. at 301.  However, "since the police surely cannot be held accountable for the unforeseeable results of their words or actions, the definition of interrogation can extend only to words or actions on the part of police officers that they should have known were reasonably likely to elicit an incriminating response." Id. at 301-02.

This court reviews the district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo.  Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Kimbrough, 477 F.3d 144, 147 (4th Cir. 2007).  "The reviewing court should take care both to review findings of historical fact only for clear error and to give

due weight to inferences drawn from those facts by resident judges and local law enforcement officers.  Ornelas, 517 U.S. at 699.

The district court properly denied Duncan's motion to suppress his statement regarding his possession of the firearm because it was not the product of either express interrogation or the functional equivalent of interrogation.  Duncan offered his statement after overhearing Fowble's discussion with Price regarding the firearm Fowble recovered from Duncan's vehicle.  At no point did Fowble direct any comments regarding the firearm to Duncan.  As we explained in United States v. Payne, 954 F.2d 199, 202 (4th Cir. 1992), "the Innis definition of interrogation is not so broad as to capture within Miranda's reach all declaratory statements by police officers concerning the nature of the charges against the suspect and the evidence relating to those charges."  As was the case in Payne, the statement here, which was made by one police officer to another, was simply an "innocuous" statement to which no response from the defendant was sought or required.  Id.[3]

---

[3]Although Duncan attempts to distinguish his case from Payne by emphasizing that the defendant in Payne had in fact been read his Miranda rights, this is a distinction without substance. Miranda warnings are required only when a suspect is in custody *and* subjected to interrogation.  Innis 446 U.S. at 300.  As the district court properly concluded, the custody prong was clearly satisfied here.  However, because there was no express interrogation or the functional equivalent thereof, Miranda was not triggered and thus there was no basis for suppressing the incriminating statement Duncan spontaneously and voluntarily offered.

## II. Jury Instructions

Duncan next challenges the district court's instructions regarding the possession element of the felon-in-possession charge. Although Duncan concedes the district court's instructions accurately stated the law on constructive possession, he maintains these instructions were insufficient because of the prosecution's erroneous statements to the jury pertaining to this issue.

The decision whether to give a jury instruction, and the content of that instruction, are reviewed for an abuse of discretion. United States v. Burgos, 55 F.3d 933, 935 (4th Cir. 1995). Where, as here, the appealing party does not object to the jury instruction (or lack thereof) in the district court, this court will review only for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). Under the plain error standard, Duncan must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Olano, 507 U.S. at 732-34. When these conditions are satisfied, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted).

Duncan fails to carry his burden of demonstrating plain error. We agree with Duncan that the district court's instruction on constructive possession comported with governing law. As we

explained in United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992), "to establish constructive possession, the government must produce evidence showing ownership, dominion, or control over the contraband itself or the premises or vehicle in which the contraband is concealed." (alteration and citations omitted). The district court's instruction encompassed these principles.

Further, we reject Duncan's contention that the Government's closing argument so grossly misstated these principles such that the district court was obligated to further instruct the jury. The Government's closing argument essentially restated the instruction presented by the district court: that control over the contraband itself or control or ownership of the vehicle in which the contraband is found is sufficient to establish the individual's constructive possession of the contraband.[4]

We thus affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[4]Duncan's contention that the Government's evidence established nothing more than Duncan's "mere presence" in the vehicle, thus entitling him to "mere presence" instruction, is belied by the record. As established by Fowble's testimony both at the suppression hearing and at trial, the vehicle was registered to Duncan, Duncan was driving the vehicle, and the firearm was found under the driver's seat, easily within Duncan's reach and control. These facts fit squarely within the parameters of constructive possession as established in Blue.