**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4213**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CEDRIC CAMERON CLARK,

        Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, District Judge.  (8:07-
cr-00281-RWT-1)

Submitted:  November 19, 2008     Decided:  February 9, 2009

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Marc L. Resnick, Washington, D.C., for Appellant.  Rod J.
Rosenstein, United States Attorney, Emily N. Glatfelter, Deborah
A. Johnston, Assistant United States Attorneys, Greenbelt,
Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cedric Cameron Clark appeals his conviction by a jury of one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2006). We affirm.

On appeal, Clark argues that the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient to sustain the jury's verdict, and that the court erred in denying his motion for a new jury pool. The Government responds, arguing that Clark's conviction should be affirmed.

This court reviews the district court's denial of a motion for judgment of acquittal de novo. See United States v. Ryan-Webster, 353 F.3d 353, 359 (4th Cir. 2003). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984).

A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether

2

the evidence in the record is substantial, this court views the evidence in the light most favorable to the government, and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

The elements of a violation of § 922(g)(1) are: "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce." United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). Clark stipulated to a disqualifying prior conviction and does not contest the interstate or foreign commerce element. He argues the evidence did not show he exercised dominion or control over the firearm at any time. Our review of the record leads us to conclude that Clark's argument is without merit and that his

3

reliance on United States v. Blue, 957 F.2d 106 (4th Cir. 1992), is misplaced. The evidence was sufficient.

Clark next argues that the district court erred in denying his motion for a new jury pool because African-Americans were underrepresented in the pool to the extent that the pool did not represent a fair cross-section of the community.

> In order to establish a prima facie violation of the fair cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to a systematic exclusion of the group in the jury-selection process.

Duren v. Missouri, 439 U.S. 357, 364 (1979). The district court focused on the third element under Duren in denying Clark's motion for a new panel. We conclude that the district court did not err in its decision. United States v. Cecil, 836 F.2d 1431 (4th Cir. 1988). Clark's motion before the district court and his argument on appeal fail to satisfy the requirements of Duren to demonstrate a violation of the fair cross-section requirement.

Accordingly, we affirm Clark's conviction. We deny his motion for appointment of new counsel. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED