**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4174**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LOUIS SAMUELS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Graham C. Mullen, Senior District Judge.  (3:91-cr-00033-GCM-1)

Submitted:  December 3, 2018                     Decided:  December 19, 2018

Before MOTZ, AGEE, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ann Taylor Goodnight, FIALKO LAW PLLC, Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Lambert Guinn, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Louis Samuels, who was originally sentenced to 365 months in prison and three years of supervised release after a jury convicted him in 1992 of four counts of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), appeals the district court's judgment revoking his supervised release and sentencing him to 21 months in prison. Samuels asserts that the district court violated his due process rights by failing to specify the evidence upon which it relied to find that he violated his supervised release conditions. Samuels also asserts that the district court abused its discretion when it revoked his supervised release "based on a clearly erroneous finding" that he violated the conditions of his supervised release. Finding no error, we affirm.

The Supreme Court has made clear that individuals subject to the revocation of their parole are entitled to certain due process. *Morrisey v. Brewer*, 408 U.S. 471, 480 (1972). Among the due process rights to which a defendant is entitled when faced with parole revocation is the right to "a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." *Id.* at 489. In *United States v. Copley*, 978 F.2d 829 (4th Cir. 1992), we extended the limited due process protections set forth in *Morrisey* to supervised release revocation hearings. *Id.* at 831. We nonetheless explained in *Copley* that due process will be satisfied with a transcript of an oral finding "when the transcript and record compiled before the trial judge enable the reviewing court to determine the basis of the trial court's decision." *Id.* We conclude that, although not a model of clarity, the district court's recitation of its determination that Samuels

2

committed three of the four violations with which he was charged, when viewed in conjunction with the record as a whole, comports with due process.

We also conclude that the Government presented ample evidence to support the district court's decision that Samuels possessed the weapons underlying the violations with which Samuels was charged. It is well established that "proving unlawful possession of a [weapon] does not require a showing of actual possession but rather can be satisfied by proof of constructive or joint possession." *United States v. Blue*, 957 F.2d 106, 107 (4th Cir. 1992). To establish constructive possession, however, the Government must show that a defendant "intentionally exercised dominion and control over the [weapon], or had the power and the intention to exercise dominion and control over the [weapon]." *United States v. Scott*, 424 F.3d 431, 436 (4th Cir. 2005).

We have reviewed the record and conclude that the district court did not abuse its discretion when it determined that the Government established, by a preponderance of the evidence, that Samuels at least constructively possessed the weapons. *See, e.g., United States v. Layton*, 564 F.3d 330, 334 (4th Cir. 2009) ("The district court's credibility determinations receive great deference" (internal quotation marks omitted)); *United States v. Feurtado*, 191 F.3d 420, 424 n.2 (4th Cir. 1999) (recognizing that a district court's credibility determination and decision as to the weight of evidence are "entitled to great deference by this [C]ourt").

Based on the foregoing, we affirm the district court's judgment revoking Samuels' supervised release. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*